# Richard S. Basile, P.A.

Attorney at Law
6305 Ivy Lane, Suite 510
Greenbelt, MD 20770
(301) 441-4900  Fax: (301) 441-2404
rearsb@gmail.com

June 5, 2024

Honorable Theodore D. Chuang
6500 Cherrywood Ln
Suite 245
Greenbelt, MD 20770

Re: Coleman v New Generation
Management
Case 8:22-CV-01140 TDC
Notice of Intent to File a Motion

Dear Judge Chuang,

Pursuant to your case management order this letter constitutes a Notice of Intent to File a Motion to Strike Plaintiff's Jury Demand. This letter is being sent after counsel for the parties met on June 4, 2024, and conferred to discuss whether the matter at issue could be resolved without a motion. The matter at issue is defendant's intent to file a Motion to Strike Plaintiff's Jury Trial Demand. The parties discussed defendant's proposed motion to strike jury demand and the plaintiffs would not agree that their demand for a jury trial should be stricken. The parties could not agree to the proposed motion to strike jury demand as defendants believe that the jury demand should be stricken, and the plaintiffs believe that they are entitled to a jury trial.

The defendants wish to file a motion to strike plaintiffs' jury trial demand are based upon the following facts and law.

Plaintiffs Geneva and Howard Coleman were tenants of the defendant for a tenancy located at 3652 and 3654 St. Barnabas Road Suitland, MD 20746. The plaintiffs' tenancy was created by a lease agreement dated February 2, 2015 between plaintiffs' and defendant's predecessor in interest George Morcos and Son L.P. Said lease agreement is attached to plaintiffs' complaint and is incorporated herein by reference. Defendant purchased the property from Morcos in and succeeded to his interest as landlord for the above referenced premises.

The plaintiffs' tenancy ended with their eviction on April 5, 2019 which was pursuant to a writ issued by the District Court of Maryland and executed by the Sheriff of Prince George's County. Subsequent to the eviction the plaintiffs filed a complaint and later an amended four count complaint in the Circuit Court for Prince George's County alleging counts of breach of contract, wrongful eviction, conversion and violation of section 1981 all of which arose out of

the herein referenced tenancy and lease agreement. As part of their complaint, the plaintiffs attached a copy of the lease agreement and referenced said lease agreement as being their agreement with the defendant. In their complaint the plaintiffs demanded a trial by jury. The plaintiff subsequently amended their complaint through counsel on March 25, 2022. The defendant was served with the complaint and amended complaint and thereafter on May 10, 2022, filed a Notice of Removal to the United States District Court for the District of Maryland.

The Lease agreement in Article One Paragraph A specifies in part that "the landlord does hereby lease unto Tenant and the Tenant does hereby lease and hire from the Landlord the demised premises being a store unit..... located in the shopping center commonly known as St. Barnabas Square (the "Shopping Center"). Article Nine paragraph A provides that the leased premises will be used only for the display and sale at retail and for no other purpose. Based upon these provisions as well as a number of other provisions in the lease agreement, the lease is clearly a commercial lease.

Article Thirty-Four paragraph K of the lease clearly and separately provides that "To the fullest extent permitted by law, Tenant waives the right to a trial by jury in any action, proceeding or counterclaim on any matter whatsoever arising out of or in any way connected with this lease, Tenant's use and occupancy of the Demised Premises, and/or any claim of injury or damage."

The jury waiver in the Lease is clear, unambiguous and simple: "Tenant waives the right to a trial by jury in any action, proceeding or counterclaim on any matter whatsoever arising out of or in any way connected with this lease". No special legal training is required to understand what that means. If litigation arises between the landlord and tenant that involves the lease or the rights of the parties in any way, the tenant cannot demand a jury trial. Furthermore, the jury waiver was conspicuously identified in the Lease as "waiver by Tenant" with a separate heading and separate paragraph in bold font such that a layperson could not easily fail to notice its inclusion. A jury waiver must be voluntary, knowing and intelligent. Walther, 386 Md. At 442. Factors relevant to this determination are (1) the relative bargaining power of the parties; (2) the conspicuousness of the provision; and (3) whether the provision is comprehensible. Bank of America, N.A. v. Jill P. Mitchell Living Trust, 822 F. Supp. 2.d 505 (2011).

There was no manifestly unequal bargaining power between the parties. This was not a residential lease, consumer credit agreement or one of the other various types of relationships involving consumers where unequal bargaining power is an issue. This was a commercial lease agreement between experienced parties over a period of at least 15 years which involved four units and multiple businesses (see amended complaint pars.12, 13, 14, 15). Plaintiffs cannot present any evidence regarding their own lack of sophistication, at all, let alone evidence to show unequal bargaining power or the lack of a knowing, intelligent waiver.

The jury trial waiver is conspicuous and is prominently marked with a bold, underlined heading entitled "waiver by Tenant". In Leading Serv Corp. v. Crance, 804 F.2d 828 (1986) the United States District Court found that a contractual waiver situated on the reverse side of a two page, standardized, fine print contract, on the ninetieth line of print in the middle of a thirty-eight line paragraph was enforceable. The waiver was not set out separately, and the contract

was only two pages long. The individual parties lacked formal education, but were experienced business people. Collectively, the Court found that the weight of the facts leaned to enforceability. Leasing Service Corp., 804 F. 2d at 823-33.

In Walther v Sovereign Bank, 386 Md. 412 (2005) the jury trial waiver was included as part of an arbitration clause, and not separately delineated. The consumers claimed that the waiver was unenforceable because it was not conspicuous. The Supreme Court of Maryland disagreed, noting that the arbitration clause was underlined and distinct, and that the waiver of a jury trial was implicit in the existence of an arbitration clause, noting that "waiver of a jury trial provision embedded within an arbitration clause can generally only be found to be unenforceable if the waiver provision itself is dubiously inconspicuous in the entire agreement as a whole. Walther, 386 Md. At 444.

For all of the foregoing reasons, the defendants wish to file a Motion to Strike Plaintiff's Jury Trial Demand.

Sincerely yours,

Richard S. Basile
CPF # 7806010005
6305 Ivy Lane, Suite 510
Greenbelt, MD 20770
Phone: (301) 441-4900
Fax: (301) 441-2404
rearsb@gmail.com

CC: Dionna Maria Lewis
    Dionna@districtlegalgroup.com