## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Howard and Geneva Coleman | * | |
| *Plaintiff* | * | |
| | * | |
| vs. | * | Civil Action No. 8:22-CV-01140-GJH |
| | * | |
| New Generation Management | * | |
| Defendant | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   . \*

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE JURY TRIAL DEMAND

Plaintiffs Geneva and Howard Coleman were tenants of the defendant for a tenancy located at 3652 and 3654 St. Barnabas Road Suitland, MD 20746. The plaintiffs' tenancy was created by a lease agreement in October 2004 (Par. 12 Amended Complaint). between plaintiffs' and defendant's predecessor in interest George Morcos and Son L.P. In September 2015 a new lease was negotiated and signed by the Plaintiffs and Morcos. This lease contained cross outs and/or white outs and/or initials in 16 different places indicating substantial and extensive negotiations. An addendum signed by the plaintiffs and Morcos in June 2017 set forth Rules and Regulations with 3 additions and initials again indicating significant negotiations. The plaintiffs had been tenants for nearly 15 years (Par. 12 and 14 Amended Complaint). Said lease agreement and Rules and Regulations are attached to plaintiffs' complaint and are incorporated herein by reference as Exhibit One. Defendant purchased the property from Morcos in 2018 and succeeded to his interest as landlord for the above referenced premises. At that time Morcos transferred the 2015 lease to the defendants (Par. 16 Amended Complaint). George Morcos and Sons were individual landlords who extensively negotiated lease terms with the plaintiffs who had equal bargaining power. These negotiations and equal bargaining power are evidenced by cross outs and initials. The plaintiffs did not merely accept what was handed to them but used their prior experience to negotiate terms and conditions which they deemed favorable.

The plaintiffs' tenancy ended with their eviction on April 5, 2019 which was pursuant to a writ issued by the District Court of Maryland and executed by the Sheriff of Prince George's

County. Subsequent to the eviction the plaintiffs filed a complaint and later an amended four count complaint in the Circuit Court for Prince George's County alleging counts of breach of contract, wrongful eviction, conversion and violation of section 1981 all of which arose out of the herein referenced tenancy and lease agreement. As part of their complaint, the plaintiffs attached a copy of the lease agreement and referenced said lease agreement as being their agreement with the defendant. In their complaint the plaintiffs demanded a trial by jury. The plaintiffs subsequently amended their complaint through counsel on March 25, 2022. The defendant was served with the complaint and thereafter on May 10, 2022, filed a Notice of Removal to the United States District Court for the District of Maryland.

The Lease agreement in Article One Paragraph A specifies in part that "the landlord does hereby lease unto Tenant and the Tenant does hereby lease and hire from the Landlord the demised premises being a store unit….. located in the shopping center commonly known as St. Barnabas Square (the "Shopping Center"). Article Nine paragraph A provides that the leased premises will be used only for the display and sale at retail and for no other purpose. Based upon these provisions as well as a number of other provisions in the lease agreement, the lease is clearly a commercial lease.

Article Thirty-Four paragraph K of the lease clearly and separately provides that "To the fullest extent permitted by law, Tenant waives the right to a trial by jury in any action, proceeding or counterclaim on any matter whatsoever arising out of or in any way connected with this lease, Tenant's use and occupancy of the Demised Premises, and/or any claim of injury or damage."

The jury waiver in the Lease is clear, unambiguous and simple: "Tenant waives the right to a trial by jury in any action, proceeding or counterclaim on any matter whatsoever arising out of or in any way connected with this lease". No special legal training is required to understand what that means. If litigation arises between the landlord and tenant that involves the lease or the rights of the parties in any way, the tenant cannot demand a jury trial. Furthermore, the jury waiver was conspicuously identified in the Lease as "Waiver by Tenant" with a separate heading and separate paragraph in bold font such that a layperson could not easily fail to notice its

inclusion. In <u>Donnelly</u> v <u>Branch Banking and Trust Co.</u>, 91 F. Supp. 683 (D. Md 2015) the Court held that the right to a jury trial can be knowingly and intelligently waived by contract. Citing <u>Mowbray</u> v <u>Zumot,</u> 536 F. Supp. 2d 617 (D. Md 2008) and <u>Leasing Serv Corp</u> v <u>Crane,</u> 804 F. 2d 828 (4th Cir. 1986). In <u>Leasing Serv Corp, supra,</u> the Fourth Circuit held that a party seeking to enforce a contractual provision waiving the right to a jury trial must establish that the waiver was knowing and voluntary. Factors relevant to this determination are (1) the relative bargaining power of the parties; (2) the conspicuousness of the provision; and (3) whether the provision is comprehensible. Citing <u>Bank of America, N.A. v. Jill P. Mitchell Living Trust,</u> 822 F. Supp. 2d 505 (D. Md. 2011). This rule was also cited in <u>In re: Titanium Dioxide Antitrust Litigation</u>, 962 F. Supp. 2d 840 (D. Md. 2013).

There was no manifestly unequal bargaining power between the parties. This was not a residential lease, consumer credit agreement or one of the other various types of relationships involving consumers where unequal bargaining power is an issue. This was a commercial lease agreement and addendum between experienced parties over a period of at least 15 years which involved four units and multiple businesses and which was significantly and substantially negotiated (See amended complaint Par. 12, 13, 14, 15). Plaintiffs cannot present any evidence regarding their own lack of sophistication, at all, let alone evidence to show unequal bargaining power or the lack of a knowing, intelligent waiver.

The jury trial waiver is conspicuous and is prominently marked with a bold, underlined heading entitled "Waiver by Tenant". In <u>Leasing Serv Corp. v. Crane</u>, 804 F.2d 828 (1986) the United States District Court found that a contractual waiver situated on the reverse side of a two page, standardized, fine print contract, on the ninetieth line of print in the middle of a thirty-eight line paragraph was enforceable. The waiver was not set out separately. The individual parties lacked formal education, but were experienced business people. Collectively, the Court found that the weight of the facts leaned to enforceability. <u>Leasing Service Corp.,</u> 804 F. 2d at 823-33.

In <u>Walther v Sovereign Bank,</u> 386 Md. 412 (2005) the jury trial waiver was included as part of an arbitration clause, and not separately delineated. The consumers claimed that the waiver was unenforceable because it was not conspicuous. The Supreme Court of Maryland

disagreed, noting that the arbitration clause was underlined and distinct, and that the waiver of a jury trial was implicit in the existence of an arbitration clause, noting that "waiver of a jury trial provision embedded within an arbitration clause can generally only be found to be unenforceable if the waiver provision itself is dubiously inconspicuous in the entire agreement as a whole." Walther, supra.

For all of the foregoing reasons, the plaintiffs' demand for a jury trial should be stricken.

Richard Basile, Esq
6305 Ivy Lane Suite 510
Greenbelt, MD  20770
P: 301-441-4900
F: 301-441-2404
rearsb@gmail.com