IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HOWARD AND GENEVA COLEMAN,<br>      Plaintiffs,<br><br>      v.<br><br>NEW GENERATION MANAGEMENT,<br>      Defendant. | Civil No. 8:22-cv-01140-TDC |

**PLAINTIFF'S PRETRIAL ORDER**

A. **A brief statement of facts that each plaintiff proposes to prove in support of that plaintiff's claims, together with a listing of the separate legal theories relied upon in support of each claim.**

      Plaintiffs operated a salon at 3652, 3654, 3656, and 3658 St. Barnabas Road, Suitland, Maryland from October 2004 to April 2019. Plaintiffs first operated Studio703salon from 2004 to 2010. Later in October 2010, Plaintiffs opened the Brat Box Salon 4 Kids. Over the 15 years at St. Barnabas Road, Plaintiffs always paid their rent on time and were granted to forgo common area maintenance ("CAM") fees so long as they upkept their area of the property. Plaintiffs operated her business at said location without any issues for 15 years and grew a reputation of respect despite the area being known for drug crimes.

      However, everything changed around 2018, when Plaintiffs' previous landlord, George Morcos & Sons, L.P., owned by Mr. George Morcos, sold to Defendant the strip mall Plaintiffs' said business was located. Immediately thereafter, Defendant started to harass tenants about signing new leases. Plaintiffs never signed any new agreement with Defendant, yet Defendant claimed that Plaintiff owed Defendant costs that never existed per the leases between Plaintiffs and Mr. Morcos. Defendant used their "payment ledger" to summons Plaintiffs to court on several occasions accusing them for failing to pay CAM fees. However, CAM fees were never required according to leases between Plaintiffs and Mr. Morcos; Mr. Morcos clearly indicated to Plaintiffs that there was no CAM fees they ever needed to pay; Plaintiffs never entered into an agreement with Defendant that required CAM fees.

      Defendant ultimately evicted Plaintiffs using an expired Warrant of Restitution, despite Plaintiffs making efforts to work with Defendant with less than a year left on their lease at issue. The eviction occurred despite Plaintiffs paying the CAM fees and full rent.

Due to Defendant's actions, Plaintiffs were forced to move out of BratBox from St. Barnabas Street in the rain. The eviction was caught on video as well as by the news who stopped to interview Plaintiffs about the incident. Defendant's conduct caused irreparable financial and emotional damages to Plaintiffs through no fault of their own.

Plaintiffs are claiming:

(1) breach of contract: Defendant charged CAM fees that never existed in any agreement between Plaintiffs and Mr. Morcos, or between Plaintiffs and Defendant. There was no agreement at all between Plaintiffs and Defendant to require Plaintiffs to pay such fees. Defendant breached the contract in effect by back dating CAM fees and continued to charge CAM fees and by using Plaintiffs' non-payment or non-existing fees to wrongfully evict them, and Defendant failed remedy its breach even though Plaintiffs provided them ample opportunity to remedy it.

(2) wrongful eviction: Defendant evicted Plaintiffs using an expired Warrant of Restitution against Maryland Code Section 8-401(f)(1)(ii)-(iii).

(3) conversion: Defendant improperly withheld Plaintiffs' personal property that Plaintiffs were unable to move out of the premises given the short notice of the eviction, and Defendant failed to petition the Court for Distress for Rent and failed to provide Plaintiffs with notice or opportunity to retrieve their property.

(4) violation of Section 1981: Defendant treated Plaintiffs differently and subjected them to different terms and conditions of their rental agreement due to Plaintiffs' race (African American), and any reasons proffered by Defendant for the above unlawful acts are pretextual.

**B.     A brief statement of facts that each defendant proposes to prove or rely upon as a defense thereto, together with a listing of the separate legal theories relied upon in support of each affirmative defense.**

Not applicable.

**C.     Similar statements as to any counterclaim, crossclaim, or third-party claim.**

None.

**D.     Any amendments required of the pleadings.**

None.

**E.     Any issue in the pleadings that is to be abandoned.**

None.

F. **Stipulations of fact or, if the parties are unable to agree, requested stipulations of fact.**

None.

G. **The details of the damages claimed or any other relief sought as of the date of the pretrial conference.**
   a. Items and costs associated to Plaintiffs' unjustified eviction on April 5, 2019 from The Brat Box Salon 4 Kids, located at 3652-3654 St. Barnabas Road, Suitland, include costs on an emergency moving assistant, a plumber, costs of items Plaintiffs were unable to move from the premises, public storage fees, U-Haul rental fees, emergency location rental fees, temporary shop rental fees, and other business financial loss in a total of **$90,500**.
   b. Emotional damage: **$200,000**
   c. Attorney's fees so far: **$40,000**

H. **A listing of each document or other exhibit, including summaries of other evidence, other than those expected to be used solely for impeachment, separately identifying those which each party expects to offer and those which each party may offer if the need arises. The listing shall indicate which exhibits the parties agree may be offered in evidence without the usual authentication. This requirement may be met by attaching an exhibit list to the pretrial order.**

   Please see attached Plaintiff's Exhibit List.

I. **A list for each party of the name, address, and telephone number of each witness, other than those expected to be called solely for impeachment, separately identifying those whom the party expects to present and those whom the party may call if the need arises.**

   1. Rasheeda Muhyee
      2224 Savannah Terr SE, Washington DC 20020
      240-646-6728

   2. Rameika Christmas
      10205 Queen Elizabeth Dr., Upper Marlboro, MD 20772
   3. George Morcos
      8991 Cotswold Dr., Burke, VA 22014
      (703) 978-1133

   4. Andrea Rucker
      202-840-0361

     5. Arlissa Patterson
        apatterson1970@gmail.com

     6. Eric Jackson
        7814 Parston Drive, Forestville, MD

     7. Chester Tellis
        (571)379-3476

     8. Tatum Hairston
        (240) 838-2420

     9. Vicky Jeter
        (678) 975-5177

     10. Sheila Moore
        (240) 701-0484

     11. Anika Willaims
        (202) 560-3813

     12. Sandy Gardner
        (202) 368-1135

**J.** **A list for each party of the name and specialties of experts the party proposes to call as witnesses including hybrid fact/expert witnesses such as treating physicians.**

No expert witness.

**K.** **A list of the pages and/or lines of any portion of a deposition to be offered in a party's case in chief or any counter-designations under Fed. R. Civ. P. 32(a)(4).**

No deposition was done in this case.

**L.** **Any other pretrial relief, including a reference to pending motions, which is requested.**

Defendant's Motion to Strike Plaintiffs' Jury Trial Demand, to which Plaintiffs filed an Opposition, is pending. Plaintiffs request that the Court deny Defendant's Motion.

**M.** **Any other matters added by the Court.**
None at this time.

                            Respectfully submitted,

By:      /s/
            Dionna Maria Lewis, Esq.
            District Legal Group, PLLC
            700 Pennsylvania Ave SE, Suite 2098
            Washington, D.C. 20003
            Tel. (202) 486-3478 | Dionna@DistrictLegalGroup.com
            *Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HOWARD AND GENEVA COLEMAN,<br>     Plaintiffs,<br><br>     v.<br><br>NEW GENERATION MANAGEMENT,<br>     Defendant. | Civil No. 8:22-cv-01140-TDC |

## PLAINTIFFS' EXHIBIT LIST

1. Plaintiffs' 2018 Tax Documents
2. Plaintiffs' 2019 Tax Documents
3. Plaintiffs' 2020 Tax Documents
4. Items Left in Plaintiffs' Unit After Eviction
5. Unit 3652 Notice to Vacate, dated June 26, 2018
6. Unit 3654 Notice to Vacate, dated June 26, 2018
7. Unit 3656 Notice to Vacate, dated June 26, 2018
8. Lease Between Plaintiffs and George Morcos & Sons, L.P., February 2, 2015
9. Notice from George Morcos & Sons, L.P., May 11, 2016
10. Defendants' Court Filings for Removal and Restitution
11. Plaintiffs' Payment Records
12. WUSA9 Article about Eviction
13. Photos of Scaffolding Outside Unit
14. Items and Costs Associated with Wrongful Eviction
15. Letter from New Generation Management, February 19, 2019
16. Unsigned "First Amendment to Lease Agreement and Settlement of Claims" for Unit 3652
17. Dumera Properties 3656 Rent Sheet (8/1/2013-8/1/2016)
18. Letter from New Generation Management re Unit 3656, May 15, 2018
19. Lease Between Plaintiffs and George Morcos & Sons, L.P., August 7, 2013
20. Dumera Properties 3652-3654 Rent Sheet (2/2/2015-2/2/2020)
21. Letter from New Generation Management re Units 3652-3654, May 15, 2018
22. Settlement Agreement and Mutual Release Between New Generation Management and Eric and Amber Jackson
23. Settlement Agreement and Mutual Release Between New Generation Management and Arlissa B. Patterson

24. Tenant Estoppel Certificate Between Tracy McCarson & Brittni Kenion and George Morcos & Sons, L.P.
25. Tenant Estoppel Certificate Between Pablo A Prudencio & Manuel Prudencio and Geroge Morcos & Sons, L.P.
26. Lease Between Plaintiffs and George Morcos & Sons, L.P., November 19, 2014
27. Check to New Generation Management December 4, 2019
28. Unit 3658 Monthly Statement
29. Case History Search (0505-2019-25365) New Generation Management v. Coleman
30. New Generation Management Complaint for Repossession of Rented Property re Unit 3658
31. Plaintiffs' Complaint in Support of Judgment, December 4, 2021
32. New Generation Management's Complaint Against Tenant Holding Over, August 15, 2018
33. Geneva Coleman Banking Statement - Landlords Complaint for Repossession of Rental Property
34. Check payment August 1, 2018
35. Lease Between Plaintiffs and George Morcos & Sons, L.P., June 20, 2017
36. Plaintiffs Filing Against New Generation Management in MD Cir. Ct.
37. Lease Between Plaintiffs and George Morcos & Sons, L.P., February 2, 2015
38. Certificate of Occupancy of 3652 Saint Barnabas Road, Suitland, MD
39. Lease Between Plaintiffs and George Morcos & Sons, L.P., August 1, 2013
40. Letter from New Generation Management re Rent Adjustment, etc., July 23, 2018
41. Text Messages Between Solomon and Mrs. Coleman

## **CERTIFICATE OF SERVICE**

I certify that on 24th of June 2024, I filed the foregoing Plaintiff's Pretrial Order by electronic filing to all Parties.


/s/ Dionna Maria Lewis