UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

HOWARD COLEMAN and
GENEVA COLEMAN,

    Plaintiff,

v.

NEW GENERATION MANAGEMENT,

    Defendant.

Civil Action No. TDC-22-1140

**MEMORANDUM ORDER**

Plaintiffs Howard and Geneva Coleman have filed this civil action against Defendant New Generation Management ("New Generation"), alleging breach of contract, wrongful eviction, and conversion claims under state law, as well as a claim of race discrimination under 42 U.S.C. § 1981, arising from their tenancy at a hair salon located in Suitland, Maryland. Trial in this case is scheduled for July 8, 2024. On June 10, 2024, New Generation filed a Motion to Strike Plaintiff's Jury Trial Demand ("Motion to Strike"), which is now fully briefed. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion to Strike will be DENIED.

**BACKGROUND**

In October 2004, Plaintiffs, who had no prior business experience, signed a commercial lease to rent a property in a shopping center for use as a hair salon. Plaintiffs' landlord, George Morcos & Sons, L.P. ("Morcos & Sons"), had been in business since 1993 and owned several other properties in the shopping center. According to Geneva Coleman, George Morcos ("Morcos"), the owner of the company, told her that all of the leases for businesses in the shopping

center were the same and had standard terms for all tenants. As a result, for every lease with Morcos & Sons, she was not given the opportunity to negotiate the terms and instead just signed it. On September 23, 2015, Plaintiffs signed a new lease for the salon with Morcos & Sons ("the 2015 Lease"). In 2018, Morcos & Sons sold the premises to New Generation, which became the assignee of the landlord's rights under the 2015 Lease.

On March 25, 2022, Plaintiffs filed the presently operative Amended Complaint against New Generation in which they demanded a jury trial. On June 10, 2024, less than one month before the trial date, New Generation filed the Motion to Strike, in which it argues that a provision in the 2015 Lease waives Plaintiffs' right to a jury trial. New Generation has attached a copy of the lease as an exhibit to the Motion to Strike. The waiver appears on page 30 of the 48-page 2015 Lease, is in the middle of a paragraph with the heading "Waiver by Tenant," and states that:

> To the fullest extent permitted by law, Tenant waives the right to a trial by jury in any action, proceeding or counterclaim on any matter whatsoever arising out of or in any way connected with this lease, Tenant's use or occupancy of the Demised Premises, and/or any claim of injury or damage.

2015 Lease at 30, Mot. Strike Ex. 1, ECF No. 45-3. The waiver appears in regular typeface, is located within a lengthy paragraph referencing waivers of other rights, and does not waive the landlord's right to a jury trial. The 2015 Lease appears to be a standard form lease used by Morcos & Sons, with a blank space for the name of the tenant in which Plaintiffs' names were added in handwriting, but it contains some additional handwritten text accompanied by initials, and certain paragraphs are crossed out. According to Geneva Coleman, many of these markings were already on the 2015 Lease document before Plaintiffs received and signed it.

## DISCUSSION

In the Motion to Strike, New Generation argues that the jury waiver in the 2015 Lease should be enforced, and the Court should conduct a bench trial rather than a jury trial. Plaintiffs

counter that the jury waiver in the 2015 Lease was not entered into knowingly and voluntarily, so it should not be enforced.

The Seventh Amendment to the United States Constitution provides that "[i]n suits at common law . . . the right of trial by jury shall be preserved." U.S. Const. amend. VII. "[T]he right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity [jurisdiction] as well as other actions." *Simler v. Conner*, 372 U.S. 221, 222 (1963); *see Bank of America, N.A. v. Jill P. Mitchell Living Tr.* ("*Bank of America*"), 822 F. Supp. 2d 505, 529-530 (D. Md. 2011) (applying *Simler* to find that federal law applies when determining the enforceability of a contractual jury waiver). Under federal law, the right to a jury trial can be waived by contract, but "the party seeking enforcement of the waiver must prove that consent was both voluntary and informed." *Leasing Serv. Corp. v. Crane*, 804 F.2d 828, 832-33 (4th Cir. 1986). "Factors relevant to this determination are (1) the relative bargaining power of the parties; (2) the conspicuousness of the provision; and (3) whether the provision is comprehensible." *Bank of America*, 822 F. Supp. 2d at 530. "[A]s the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver." *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393 (1937); *see also Simler*, 372 U.S. at 222 (stating that the "federal policy of favoring [civil] jury trials is of historic and continuing strength").

On the first factor, the relative bargaining power of the parties, the Court finds that Plaintiffs and Morcos & Sons did not have equal bargaining power. Unlike in *Leasing Service Corporation*, cited by New Generation, in which the plaintiffs were found to be "manifestly shrewd businessmen" who "engaged in protracted negotiations" over the equipment lease agreement that contained the jury waiver, *id.* at 833, Plaintiffs had no prior business experience when they signed the original lease in 2004. Meanwhile, Morcos & Sons had been in business for

over a decade and owned multiple other commercial properties, and the parties' disparity in business experience still existed when the 2015 Lease was signed. Geneva Coleman has asserted that throughout the business relationship, Morcos led Plaintiffs to believe that the leases, even with some pre-existing handwritten additions and cross-outs, consisted of standard terms that were the same for all tenants, such that there was no room for negotiation. Significantly, New Generation has provided no contrary account from anyone with firsthand knowledge of the circumstances under which the 2015 Lease was signed. Particularly where the jury waiver is entirely one-sided, in that there is no comparable provision barring the landlord from seeking a jury trial, there is no basis to conclude that there was any negotiation over, or ability to negotiate, this term. Thus, even though Plaintiffs had some business experience by the time they signed the 2015 Lease, the course of conduct up to that point reflected unequal bargaining power between Plaintiffs and Morcos & Sons. Accordingly, this factor weighs against enforcement of the jury waiver. *See Nat'l Equip. Rental, Ltd. v. Hendrix*, 565 F.2d 255, 258 (2d Cir. 1977) (declining to enforce a jury waiver in part because a party "did not have any choice but to accept" the contract such that there was "gross inequality in bargaining power").

The second factor, the waiver's conspicuousness, weighs heavily against enforcement. The waiver appeared on page 30 of a 48-page lease, in plain text without any use of boldface or underlining, and in the middle of a lengthy paragraph containing multiple other waiver provisions. The 2015 Lease is therefore much longer than either the two-page contract in *Leasing Service Corporation*, 804 F.2d at 833, or the 10-page contract in *Bank of America*, 822 F. Supp. 2d at 531, both of which contained jury waivers deemed enforceable. Unlike in *Bank of America*, in which the waiver appeared on "the front side of the Agreement" in a separate paragraph, 822 F. Supp. 2d at 531, the waiver here was on an interior page toward the end of the contract, in the middle of a

4

long paragraph rather than in a standalone paragraph. Though other courts have found that certain typefaces can make a jury waiver more conspicuous, the waiver in the 2015 Lease was printed in regular typeface. *See, e.g., id.* (boldface); *In re Titanium Dioxide Antitrust Litig.*, 962 F. Supp. 2d 840, 860 (D. Md. 2013) (all capital letters). Specific headings may also increase the conspicuousness of a waiver, *see, e.g., Donnelly v. Branch Banking & Trust Co.*, 91 F. Supp. 3d 683, 686 (D. Md. 2015) ("Waiver of Trial by Jury"), but the heading in the 2015 Lease does not specify the nature of the waiver, and the paragraph contains other rights waived by the tenant in addition to that of a jury trial. Although jury waivers may be deemed enforceable without any heading, those waivers are often in shorter contracts where headings are less necessary to render a clause conspicuous. *See, e.g., Leasing Serv. Corp.*, 804 F.2d at 833 (holding that a waiver without a heading was enforceable where it appeared in a two-page contract).

By contrast, the jury waiver provision in the 2015 Lease is comparable to the provision found unenforceable in *National Equipment Rental*, which appeared in the middle of a fine print paragraph within a 16-clause contract. 565 F.2d at 258. If anything, the jury waiver in the 2015 Lease is even less conspicuous because the 2015 Lease is significantly longer, with 34 articles and various subsections spanning 48 pages. Therefore, the Court concludes that the jury waiver in the 2015 Lease is inconspicuous, which weighs against its enforcement. Indeed, though not necessary to the ruling, the Court also notes that the provision was so inconspicuous that counsel for New Generation, in explaining the failure to file the Motion to Strike until only one month before trial, acknowledged during the June 7, 2024 Case Management Conference that he had not noticed the jury waiver provision until only shortly before the Case Management Conference, even though the 2015 Lease was attached to the original Complaint when it was filed on January 11, 2022.

Finally, as to the waiver's comprehensibility, the Court finds that the provision is written in comprehensible language. However, where the Court has concluded that the waiver is inconspicuous, its comprehensibility is of limited significance because it is not possible to comprehend an unseen contractual provision.

Upon assessment of the three factors together, where there was some degree of unequal bargaining power between Plaintiffs and Morcos & Sons, the waiver was inconspicuous, and the waiver's comprehensibility is of limited relevance because of its inconspicuousness, the Court concludes that Plaintiffs' assent to the jury waiver provision was not voluntary and informed. Particularly where courts must "indulge every reasonable presumption against waiver," the Court will not enforce the jury trial waiver under these circumstances. *Aetna Ins. Co.*, 301 U.S. at 393.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that New Generation's Motion to Strike Plaintiff's Jury Trial Demand, ECF No. 45, is DENIED.

Date: July 1, 2024

THEODORE D. CHUANG
United States District Judge